UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

In Re:                              )
                                    )    No. 04-00132-PCW13
KATHLEEN M. SCHORMANN,              )
                                    )    MEMORANDUM DECISION RE: DEBTOR'S
                                    )    ATTORNEY'S APPLICATION FOR AWARD
                                    )    OF COMPENSATION FOR SERVICES
            Debtor(s).              )    RENDERED AND REIMBURSEMENT OF
                                    )    EXPENSES

THIS MATTER came on before the Court on December 21, 2004 on unsecured creditor Heather Van Nuys' objection to debtor's counsel's application to approve attorney fees. This Chapter 13 was filed on January 9, 2004 and the debtor's Chapter 13 Plan was confirmed on July 12, 2004. This application for compensation was filed on October 14, 2004 and covers fees incurred from January 9, 2004 through the date of the application. The debtor's attorney requests the Court's approval of $9,995.00 in compensation. No request is made for reimbursement of costs. Ms. Van Nuys filed her objection on November 15, 2004 citing various grounds discussed below.

### Relevance of Flat Fee Agreement

The creditor contends that the debtor's attorney's compensation is limited to a flat fee contained in an agreement filed with this Court. The debtor's initial plan indicated that fees were to be incurred on the basis of a "flat fee" as referenced in LBR 2016 and a flat fee agreement

MEMORANDUM DECISION RE: . . . - 1

was filed with the Court on January 23, 2004. The debtor, however, subsequently amended her Chapter 13 Plan on March 8, 2004 and that Amended Plan indicated fees would be incurred on an hourly basis, requiring separate application and order of the court of any attorney compensation under LBR 2016. The debtor at that time estimated that there would be approximately $6,000 in fees, of which $4,520 remained owing. A flat fee agreement is not effective until it is approved by the Court. LBR 2016-1(e)(3). The order confirming plan did not confirm a plan containing a flat fee agreement and therefore it is not binding. The creditor's objection based on the existence of a flat fee is overruled.

### Mathematical Error

The creditor alleges that the debtor's attorney has miscalculated the total amount due, based on the itemization in support of the application. The alleged mathematical error is in the amount of $500.00. The application reveals and debtor's attorney indicates, however, that she has "written off" 68.3 hours of time which equals fees of $11,565.10. Therefore, any mathematical error decreasing the total value of the time from $11,565.10 to the amount requested of $9,995.00 would be irrelevant. The creditor's objection on that basis is overruled.

### Hourly Rate Excessive

The creditor argues that the hourly rate charged by debtor's counsel of $170.00 an hour is excessive based on her reputation and experience. An appropriate hourly rate is determined by comparing it with the range of normal rates charged by other similarly situated

MEMORANDUM DECISION RE: . . . - 2

professionals in the same geographic area. An hourly rate of $170.00 falls within the normal range for attorneys in this district. It is, in fact, at the low range of rates charged by consumer debtor attorneys appearing before this Court. The creditor's objection on this basis is overruled.

### Failure to Disclose

The creditor has alleged that the debtor's attorney failed to disclose two amounts received on behalf of the debtor, the first, a check in the approximate amount of $180.00 received from the debtor herself and the second, a check in the amount of $1,000.00 received from the debtor's friend Ms. Triay. The check for $180 represents the filing fee. These amounts were not listed in the original Attorney Statement of Compensation filed on January 23, 2004. The debtor's attorney amended the Statement of Compensation on June 3, 2004 and included these previously missing amounts. This disclosure was made more than a month pre-confirmation. F.R.B.P. 2016 requires that within fifteen (15) days of filing an attorney statement of compensation be filed. It also indicates that it may be supplemented and is to be done within 15 days of any new funds or agreements being received. It is unclear when these funds were received, however, the debtor's attorney did supplement the Attorney Statement of Compensation, and there is no indication of delay or prejudice. The creditor's objection on this basis is overruled.

### General Objections re Lack of Benefit or Necessity and Excessive Fees

Administrative expenses, including attorney fees are reviewed under 11 U.S.C. § 330 and such fees must be "reasonable compensation for

MEMORANDUM DECISION RE: . . . - 3

actual, necessary services." Subsection (a)(3)(A) further indicates factors for the Court to consider when determining whether the fees requested are reasonable. Further, subsection (a)(4)(B) allows the Court to award fees for a Chapter 13 individual debtor's attorney to represent specifically the debtor's rather than the estate's interests. The creditor argues that many of the fees applied for were not necessary and were of no benefit to the estate or creditors. The creditor primarily argues that the debtor did not prevail on various objections or motions. Ms. Van Nuys further argues that the total amount of fees requested is excessive as the case, she argues, was not a difficult case. Although this fee is higher than most approved in Chapter 13 cases, the Court notes the extensive litigation of every issue in this case, especially issues raised by the objecting creditor. The debtor prevailed on some issues, but not on others. The Court has noted no fees incurred which were not necessary to reasonably defend against actions or to fulfill debtor's duties under the Code. The creditor's objections based on lack of benefit or necessity or for excessiveness are overruled.

### Lower Distribution to Unsecured Creditors

Lastly, the creditor argues that the fees requested should be denied as they will reduce the distribution to unsecured creditors through the Chapter 13 plan, including herself. The creditor is correct that this is true, however, this is also not a basis alone to deny fees. Since the fees are reasonable and the award does not effect feasibility of this plan, this Court will not use that as a basis to deny the award of fees.

MEMORANDUM DECISION RE: . . . - 4

## Conclusion

The Court finds no basis to deny the fees requested, and will sign an order approving them, when presented by debtor's counsel with the Chapter 13 Trustee's endorsement.

DATED this 23rd day of December, 2004.

*/s/ Patricia C. Williams*
PATRICIA C. WILLIAMS, Bankruptcy Judge

MEMORANDUM DECISION RE: . . . - 5